# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

IVAN DIAZ-CAMPOS,

      Plaintiff,

  v.

LOWE'S COMPANIES, INC.,

      Defendant.

Civil Action No. 3:26-cv-574

**NOTICE OF REMOVAL**

**Exhibit A**

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

| | |
|---|---|
| **File No.** | 26CV025104-590 |
| **Film No.** | |

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>IVAN DIAZ-CAMPOS | **CIVIL SUMMONS**<br>**TO BE SERVED WITH**<br>**ORDER EXTENDING**<br>**TIME TO FILE COMPLAINT** |
| **VERSUS** | |
| *Name Of Defendant(s)*<br>LOWE'S COMPANIES, INC. | G.S. 1A-1, Rule 4 |

| **TO:** | **TO:** |
|---|---|
| *Name And Address Of Defendant 1*<br>Lowe's Companies, Inc.<br>c/o Corporation Service Company, Registered Agent<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608 | *Name And Address Of Defendant 2* |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>R. Michael Elliot<br>Elliot Morgan Parsonage PLLC<br>300 E. Kingston Ave., Suite 200<br>Charlotte, NC 28203 | *Date*<br>5/6/2026 | *Time*<br>4:25:06 pm | ☐ AM<br>☐ PM |
|---|---|---|---|
| | *Signature*<br>/s/ Sarah Fletcher | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

AOC-CV-102, Rev. 1/10
© 2010 Administrative Office of the Courts

(Over)

████████████████████████████████████████████████

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the Order were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served  ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served  ☐ AM  ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served  ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served  ☐ AM  ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-102, Side Two, Rev. 1/10
© 2010 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

File No.
26CV025104-590

____MECKLENBURG____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
IVAN DIAZ-CAMPOS

**VERSUS**

Name Of Defendant
LOWE'S COMPANIES INC.

## APPLICATION AND ORDER
## EXTENDING TIME TO
## FILE COMPLAINT

G.S. 1A-1, Rule 3

### APPLICATION

The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

Name And Purpose Of The Action

The plaintiff, a former employee of defendant, institutes this action to recover damages and to seek equitable relief as a result of the ultimate termination of his employment by defendant because of his race, color, and retaliation. Specifically, plaintiff's supervisor consistently treated him worse than his similarly situated white coworkers, and subjected him to resistance, criticism, and retaliation for his commitment to DEI issues, and particularly for his advocacy for Hispanic and Latino peoples in regards to defendant's employment practices. The supervisor baselessly questioned plaintiff's performance, placed him on a performance improvement plan, and ultimately terminated him on December 5, 2023. Prior to the PIP, plaintiff had never had any performance problems or disciplinary issues of any kind. Plaintiff institutes this action to seek damages for defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq (Title VII), for violations of 42 U.S.C. § 1981, and for violations of the common law of North Carolina which protects against wrongful discharge in violation of public policy. Plaintiff will seek all available damages and injunctive relief.

| Date | Signature | |
|------|-----------|---|
| 05-06-2026 | /s/R. Michael Elliot | ☐ Applicant<br>☒ Attorney For Applicant |

### ORDER

The Court states that the nature and purpose of this action are as set forth above.

Therefore, it is ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

File Complaint On Or Before
**5-26-2026**
(Date must be within 20 days of date of Order.)

Date Of Order **7th of May, 2026**

Signature **Mitchell Woodard**

☒ Assistant Clerk Of Superior Court  ☐ Clerk Of Superior Court

**NOTE:** *Under Rule 3 of the Rules of Civil Procedure, upon entry of this Order, a summons shall be issued and the summons and a copy of this Order must be served in accordance with the provisions of Rule 4. A complaint must be filed in this action within the period provided above and that complaint must be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If a complaint is not filed within the above period, the action shall abate.*

AOC-CV-101, Rev. 7/11
© 2011 Administrative Office of the Courts

(Over)

Electronically Filed Date: 5/6/2026 4:16 PM  Mecklenburg County Clerk of Superior Court

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

**File No.**
26CV025104-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name And Address Of Plaintiff 1*<br>IVAN DIAZ-CAMPOS | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☐ INITIAL FILING  ☒ SUBSEQUENT FILING<br>Rule 5(b), General Rules of Practice For Superior and District Courts |

*Name And Address Of Plaintiff 2*

**VERSUS**

*Name Of Defendant 1*
LOWE'S COMPANIES, INC.

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*

R. Michael Elliot
Elliot Morgan Parsonage, PLLC
300 E. Kingston Avenue Suite 200
Charlotte, NC 28203

| *Telephone No.*<br>7047073705 | *Cellular Telephone No.* |
|---|---|

| *NC Attorney Bar No.*<br>42806 | *Attorney E-Mail Address*<br>michaelelliot@emplawfirm.com |
|---|---|

*Summons Submitted* ☒ Yes ☐ No

☒ Initial Appearance in Case  ☐ Change of Address

*Name Of Defendant 2*

*Name Of Firm*
Elliot Morgan Parsonage, PLLC

*FAX No.*
336-724-3335

*Counsel for*
☒ All Plaintiffs  ☐ All Defendants  ☐ Only *(list party(ies) represented)*

*Summons Submitted* ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNJF)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

*(check all that apply)*

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State<br>Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☒ Other *(specify and list each separately)*<br>Violations of Title VII of the Civil Rights Act of<br>1964, 42 U.S.C. § 2000e et seq (Title VII),<br>violations of 42 U.S.C. § 1981; Violation of the<br>common law of North Carolina; Wrongful<br>Discharge in Violation of Public Policy (WDPP). |

| Date | Signature Of Attorney/Party |
|---|---|
| 05/26/2026 | */s/ R. Michael Elliot* |

## FEES IN G.S. 7A-308 APPLY

Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

## PRO HAC VICE FEES APPLY

Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☒ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

File No.
26CV025104-590
Film No.

MECKLENBURG _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| *Name Of Plaintiff* | |
|---|---|
| IVAN DIAZ-CAMPOS | **DELAYED SERVICE** |
| **VERSUS** | **OF** |
| *Name Of Defendant* | **COMPLAINT** |
| LOWE'S COMPANIES. INC. | G.S. 1A-1, Rules 3 & 4 |

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
| Lowe's Companies, Inc. | |
| c/o Corporation Service Company, Registered Agent | |
| 2626 Glenwood Avenue, Suite 550 | |
| Raleigh, NC 27608 | |

You are being served with a copy of the complaint in this action; the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | *Date* | *Time* | |
|---|---|---|---|
| R. Michael Elliot | 5/26/2026 | 4:23:42 pm | ☐ AM ☐ PM |
| Elliot Morgan Parsonage, PLLC | *Signature* | | |
| 300 E. Kingston Avenue, Suite 200 | /s/ Sarah Fletcher | | |
| Charlotte, NC 28203 | ☒ *Deputy CSC*　☐ *Assistant CSC*　☐ *Clerk Of Superior Court* | | |

AOC-CV-103, Rev. 1/10
© 2010 Administrative Office of the Courts

Original File　Copy-Each Defendant　Copy-Attorney/Plaintiff
(Over)

| RETURN OF SERVICE | |
|---|---|

I certify that this Document and a copy of the Complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served ☐ AM ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served ☐ AM ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-103, Side Two, Rev. 1/10
© 2010 Administrative Office of the Courts

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE

                           SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG         FILE NO: 26CV025104-590

| | | |
|---|---|---|
| IVAN DIAZ-CAMPOS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| LOWE'S COMPANIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Ivan Diaz-Campos, hereby states and alleges the following:

## INTRODUCTION

1. This is an action for damages and equitable relief, to address significant damages sustained by Plaintiff as a result of the ultimate termination of his employment by Defendant because of his race, color, and retaliation for multiple instances of protected activity. Plaintiff asserts his rights and claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* (Title VII), 42 U.S.C. § 1981 *et seq.,* and the common law of North Carolina. Plaintiff will seek all available damages and injunctive relief.

## PARTIES

2. The Plaintiff, Ivan Diaz-Campos, is a Hispanic man, and is a resident of Mecklenburg County, North Carolina. At all times pertinent to this action, Plaintiff was an "employee" of Defendant within the meaning and definition of 42 U.S.C. § 2000e(f), 42 U.S.C. § 1981 *et seq.,* and the common law of North Carolina.

3. The Defendant, Lowe's Companies, Inc. (hereafter "Lowe's" or "Defendant"), is a corporation established pursuant to the laws of the State of North Carolina, with its principal office in Mooresville, North Carolina. Defendant is a home improvement and appliance retailer that engages in business in Mecklenburg County and throughout the United States. At all times pertinent to this action, Defendant collectively employed more than 500 employees, and was the "employer" of Plaintiff within the meaning and definition of 42 U.S.C. § 2000e(b), 42 U.S.C. § 1981, and the common law of North Carolina.

## FACTS

4. Plaintiff is a Hispanic male, and was employed by Defendant beginning in or around January, 2015. He held various roles for Defendant, and at the time of his termination, on or about December 5, 2023, he served as Director of Finance, Divisional Finance Lead (DFL).

5. Plaintiff was hired by Defendant with nearly 10 years working in finance, in a variety of positions. Over those years, Plaintiff was a consistently high performer, and never had any performance problems or disciplinary issues of any kind.

6. Plaintiff's position as a DFL required him to successfully implement financial and operational controls, which he consistently delivered on to excellent results. Accordingly, throughout his career, Plaintiff routinely achieved great successes for Defendant.

7. By way of example, he helped oversee record-breaking profitability in the South Division, for which he was responsible, he worked with the General Counsel and the CEO to streamline Board of Directors processes, he oversaw the Mexico market exit reporting which led to enormous value for the company, he supported the turnaround of the Canada market, and stood up the Strategic Initiative and Enterprise Productivity Offices.

2

8. Accordingly, during Plaintiff's employment with Defendant, he met or exceeded all reasonable expectations for his position. This was evidenced by his success in his role, and the consistently positive feedback and evaluations he earned. By any measure, Plaintiff had an excellent reputation and work ethic and was a significant asset to the company.

9. Additionally, Plaintiff was a steadfast advocate for Hispanics and Latinos throughout his career, and particularly over the last year of his tenure, given his growing stature within the company. Specifically, as one of the few Latinos in the finance department, Plaintiff was nominated for numerous critical roles and was a leader in advocating for the diversification of the workforce and attempted to help Defendant further critical DEI initiatives, including the hiring, promotion, and equitable treatment of Hispanics and Latinos working for Defendant.

10. For example, in or about 2023, he represented Defendant on the Latin American Chamber of Commerce of Charlotte Board, he served as Head of Culture Committee and as Co-Chair for Defendant's Latino Business Resource Group, and he established relationships and coordinated Defendant's participation at the Association of Latin Professionals for America convention (ALPFA).

11. Plaintiff also consistently advocated for Defendant's DEI initiatives generally and spearheaded the recruitment of Latino professionals specifically. Plaintiff was nominated to support those initiatives by Defendant's Chief Accounting Officer given the importance of the matter to company leadership, including Defendant's Chief Financial Officer.

12. Plaintiff was consistently steadfast regarding his advocacy for equitable treatment of Hispanics and Latinos who worked for Defendant, and insisted that they receive the same privileges, terms, and conditions of employment that white employees enjoyed.

3

13. Throughout Plaintiff's tenure, his participation in Latino groups and his advocacy for diversity in hiring practices did not impact his performance or the fulfillment of his responsibilities in any material way.

14. Nevertheless, Plaintiff began to experience resistance and criticism from his two-up, Defendant's VP of Finance (VPF) overseeing store operations, stemming directly from his advocacy for Latinos, Hispanics, and DEI initiatives. The VPF repeatedly questioned Plaintiff's commitment to DEI issues, and specifically his effort to bring in more Latino finance professionals to Defendant's finance department, which had only four Latinos in the entire department.

15. Over the course of 2023 – despite not being Plaintiff's direct supervisor – the VPF repeatedly and specifically questioned and criticized Plaintiff's advocacy, and began baselessly criticizing his performance. Specifically, she remarked that he "had too much on [his] plate" in regards to DEI initiatives, and told him pointedly that recruiting Latino professionals for Defendant's finance department was "not a priority."

16. Additionally, the VPF refused to approve Plaintiff's inclusion on an interview panel for finance interns. As a direct result, Latino professionals continued to be overlooked for internships in the finance department, and by the time of Plaintiff's termination, the finance department included only one Latino or Hispanic employee.

17. Additionally, in October and November, 2023, Plaintiff objected to unethical and illegal business practices. Specifically, Plaintiff was directed by management to communicate manipulated sales figures that had been lowered for the prior year in order to artificially "increase" year-over-year data for Defendant's Pro Sales operations.

4

18. In response to the directive, Plaintiff objected to management on numerous occasions, due to the serious legal implications of what he had been asked to do. Plaintiff was concerned that inaccurate figures might be misrepresented in official filings, and would potentially result in inaccurate accounting information, for which he was responsible.

19. Additionally, Plaintiff objected that the manipulation of the sales figures would result in retroactively inaccurate compensation for store employees, whose pay was impacted by Pro Sales figures. Plaintiff specifically noted that discrepancy, an issue that could implicate the North Carolina Wage and Hour Act, among other state and federal laws requiring accurate compensation being paid to employees.

20. Plaintiff's concerns were routinely and summarily dismissed by management, including the VPF. In fact, the VPF admonished one employee by email, stating – on November 2, 2023 – that "the ask was this not be a written communication." The implication was clear – namely, that management was manipulating accounting figures in ways that it knew was wrong, would not accept any input from the accounting department regarding the practice, and did not want anything in writing documenting the conversation.

21. As noted above, during the latter half of 2023, the VPF began baselessly criticizing Plaintiff's performance. Specifically, she claimed that his advocacy for Hispanics and Latinos, in addition to his commitment to DEI issues, was negatively impacting his performance, a claim that was untrue and not supportable.

22. The VPF's treatment of Plaintiff was significantly worse than that of his similarly situated white colleagues, and evidenced disparate treatment in regards to Plaintiff's race and color.

5

23. In July 2023, Plaintiff was placed on a Performance Improvement Plan (PIP) at the direction of the VPF. The allegations regarding his performance were untrue, and it was clear that his advocacy for diversifying the finance department and commitment to general DEI initiatives were the reason for the PIP.

24. That fact was clear both because the performance allegations were untrue, and because the VPF had consistently criticized his advocacy, including in the weeks leading up to the implementation of the PIP.

25. Over the late summer and fall of 2023, Plaintiff diligently completed all tasks and complied with all directives related to the PIP, yet he was continued on the plan until his termination on December 5, 2023.

26. As noted above, prior to the PIP, Plaintiff never had any performance problems or disciplinary issues of any kind, during more than eight years of working for Defendant.

27. On December 5, 2023, Defendant terminated Plaintiff's employment. Defendant refused to provide any material information, claiming only that Plaintiff had failed to successfully complete the PIP, which was unsupportable and untrue.

28. The termination, and its purported rationale, were contradictory to Plaintiff's longtime performance and annual evaluations, and were motivated by his race and color.

29. Additionally, as noted above, the termination of Plaintiff – a longtime high-performing employee with no history of performance problems or disciplinary issues prior to his protected activity – was clearly pretextual retaliation for objecting to discriminatory practices and advocating for DEI initiatives and Hispanic and Latino hires, and raising those issues with Defendant's management team.

6

30. Additionally, Plaintiff's termination was because he spoke up on legal and ethical matters implicated by Defendant's business practices, specifically the retroactive manipulation of sales figures.

31. Upon information and belief, following his termination, Defendant replaced Plaintiff with a non-Hispanic, white employee who had not engaged in protected activity or objected to Defendant's illegal and unethical business practices.

32. As a result of Defendant's actions, and Plaintiff's inability to attain comparable employment, Plaintiff has suffered extraordinary damages; financially, emotionally, and professionally.

## ADMINISTRATIVE REMEDIES

33. On June 3, 2024, Plaintiff filed a Charge of Discrimination (EEOC Charge # 430-2024-03046) with the Equal Employment Opportunity Commission (EEOC) in Charlotte, North Carolina. Plaintiff's charge alleged race discrimination and retaliation by Defendant in violation of Title VII.

34. On February 12, 2026, the EEOC issued notice of Plaintiff's right-to-sue.

35. Plaintiff has complied with all procedural prerequisites to filing this action.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
### Title VII Discrimination

36. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. Plaintiff is of Hispanic race, color, and ancestry, and is within classes of protected persons by Title VII.

7

38. Plaintiff's race was a determinative factor in Defendant's decision to take adverse employment actions against him, including his unlawful treatment during his employment and unlawful termination.

39. Defendant took adverse employment actions against Plaintiff, as alleged herein, and discriminated against Plaintiff based on his race in the following manner:

a. By questioning Plaintiff's advocacy for Hispanic and Latinos in regards to Defendant's hiring practices;

b. By indicating that Plaintiff's advocacy was negatively impacting his performance;

c. By otherwise baselessly criticizing Plaintiff's performance;

d. By subjecting Plaintiff to disparate employment practices, including racially motivated promotional, hiring, and disciplinary practices in comparison to his non-Hispanic colleagues performing in the same position or performing the same or similar work;

e. By putting Plaintiff on a PIP without basis;

f. By alleging that Plaintiff had not successfully completed the PIP;

g. By terminating Plaintiff's performance.

40. As a proximate result of Defendant's illegal acts of race discrimination in violation of Title VII, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

8

41. Plaintiff is entitled to appropriate relief pursuant to Title VII, including compensatory damages and reasonable attorney's fees and costs for his representation herein pursuant to 42 U.S.C. § 2000e-5(k).

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### Title VII RETALIATION

42. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. During his employment, Plaintiff engaged in protected activity under Title VII, when he complained about discriminatory employment practices and advocated for Hispanics and Latinos to be treated equitably by Defendant, and by displaying a commitment to DEI initiatives.

44. Defendant took adverse employment actions against Plaintiff as otherwise alleged herein, and in retaliation for Plaintiff engaging in protected activity which included his placement on a PIP, and ultimately his unlawful termination on or about December 5, 2023.

45. Defendant retaliated against Plaintiff in the following ways:

   a. By questioning Plaintiff's advocacy for Hispanic and Latinos in regards to Defendant's hiring practices;

   b. By indicating that Plaintiff's advocacy was negatively impacting his performance;

   c. By otherwise baselessly criticizing Plaintiff's performance;

   d. By subjecting Plaintiff to disparate employment practices, including racially motivated promotional, hiring, and disciplinary practices in comparison to his non-Hispanic colleagues performing in the same position or performing the same or similar work;

   e. By putting Plaintiff on a PIP without basis;

9

f. By alleging that Plaintiff had not successfully completed the PIP;

g. By terminating Plaintiff's performance.

46. At the time Defendant took adverse employment actions against Plaintiff, he was performing his job in a satisfactory manner, and meeting or exceeding the reasonable expectations of his employer.

47. As a proximate result of Defendant's illegal acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

48. Plaintiff is entitled to appropriate relief pursuant to Title VII, including compensatory damages and reasonable attorney's fees and costs for his representation herein pursuant to 42 U.S.C. § 2000e-5(k).

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
### Race Discrimination in violation of 42 U.S.C. § 1981

49. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

50. At all times pertinent to this action, Plaintiff was a protected member of a class as a non-white individual of Hispanic race and color, ancestry, and descent.

51. Defendant discriminated and retaliated against Plaintiff as a result of his race during the course of his employment and through his unlawful termination which is in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

10

52. Defendant took adverse employment actions against Plaintiff, as alleged herein, and discriminated and retaliated against Plaintiff based on his race and with respect to the terms, conditions and privileges of his employment in the following manner:

    a. By questioning Plaintiff's advocacy for Hispanic and Latinos in regards to Defendant's hiring practices;

    b. By indicating that Plaintiff's advocacy was negatively impacting his performance;

    c. By otherwise baselessly criticizing Plaintiff's performance;

    d. By subjecting Plaintiff to disparate employment practices, including racially motivated promotional, hiring, and disciplinary practices in comparison to his non-Hispanic colleagues performing in the same position or performing the same or similar work;

    e. By putting Plaintiff on a PIP without basis;

    f. By alleging that Plaintiff had not successfully completed the PIP;

    g. By terminating Plaintiff's performance.

53. As set forth herein, Defendant retaliated against Plaintiff for engaging in protected activity and opposing race discrimination and related unlawful employment practices by removing Plaintiff from his position and ultimately terminating him on or about December 5, 2023, in violation of 42 USC § 1981.

54. By actions described above, the Defendant intended to, and did, discriminate against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981, with respect to the terms, conditions and privileges of his employment.

11

55. As a proximate result of Defendant's illegal acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

56. Plaintiff is entitled to appropriate relief pursuant to 42 U.S.C. § 1981, *as amended*, including compensatory damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
#### Retaliation in violation of 42 U.S.C. § 1981

57. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. At all times pertinent to this action, Plaintiff was a protected member of a class as a non-white individual of Hispanic race and color, ancestry, and descent.

59. Defendant discriminated and retaliated against Plaintiff as a result of his race during the course of his employment and through his unlawful termination which is in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

60. Defendant took adverse employment actions against Plaintiff, as alleged herein, and discriminated and retaliated against Plaintiff based on his race and with respect to the terms, conditions and privileges of his employment in the following manner:

   a. By questioning Plaintiff's advocacy for Hispanic and Latinos in regards to Defendant's hiring practices;

   b. By indicating that Plaintiff's advocacy was negatively impacting his performance;

   c. By otherwise baselessly criticizing Plaintiff's performance;

12

d. By subjecting Plaintiff to disparate employment practices, including racially motivated promotional, hiring, and disciplinary practices in comparison to his non-Hispanic colleagues performing in the same position or performing the same or similar work;

e. By putting Plaintiff on a PIP without basis;

f. By alleging that Plaintiff had not successfully completed the PIP;

g. By terminating Plaintiff's performance.

61. As set forth herein, Defendant retaliated against Plaintiff for engaging in protected activity and opposing race discrimination and related unlawful employment practices by removing Plaintiff from his position and ultimately terminating him on or about December 5, 2023, in violation of 42 USC § 1981.

62. By actions described above, the Defendant intended to, and did, retaliate against Plaintiff on the basis of protected activity in violation of 42 U.S.C. § 1981, with respect to the terms, conditions and privileges of his employment.

63. As a proximate result of Defendant's illegal acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

64. Plaintiff is entitled to appropriate relief pursuant to 42 U.S.C. § 1981, *as amended,* including compensatory damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

13

**PLAINTIFF'S FIFTH CLAIM FOR RELIEF**
**Violation of the Public Policy of North Carolina – Race Discrimination**

65. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

66. The public policy of North Carolina, as expressed in N.C. Gen. Stat. § 143-422.2 mandates that employers of fifteen or more employees shall not discriminate on the basis of race. At all times pertinent to this claim, Defendant employed in excess of 15 employees.

67. Defendant's decision to discharge Plaintiff from employment constituted a wrongful discharge under the common law in that it violated the public policy of the state of North Carolina as set out in N.C.G.S. § 143-422.2.

68. Defendant violated the public policy of North Carolina, in part, based on the following acts:

    a. By questioning Plaintiff's advocacy for Hispanic and Latinos in regards to Defendant's hiring practices;

    b. By indicating that Plaintiff's advocacy was negatively impacting his performance;

    c. By otherwise baselessly criticizing Plaintiff's performance;

    d. By subjecting Plaintiff to disparate employment practices, including racially motivated promotional, hiring, and disciplinary practices in comparison to his non-Hispanic colleagues performing in the same position or performing the same or similar work;

    e. By putting Plaintiff on a PIP without basis;

    f. By alleging that Plaintiff had not successfully completed the PIP;

    g. By terminating Plaintiff's performance.

14

69. As a proximate result of Defendant's illegal acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

70. Defendant's acts, as described above, were deceptive, willful and wanton, and evinces an intentional or reckless indifference to and disregard for the civil rights of Plaintiff. Aggravating circumstances concerning Defendant's conduct are provided in ¶¶ 4-32.

**PLAINTIFF'S SIXTH CLAIM FOR RELIEF**
**Violation of the Public Policy of North Carolina – Other**

71. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

72. The public policy of North Carolina provides the following:

a. North Carolina General Statute § 75.1, *et. seq.* is the North Carolina Consumer Protection Act, and protects against false or misleading advertising, fraudulent schemes, and deceptive business practices;

b. North Carolina General Statute § 75-1.1 specifically makes unlawful unfair and deceptive trade practices;

c. North Carolina General Statute § 32-1, et. seq., the Uniform Fiduciaries Act, sets guidelines for those persons placed in a position of trust;

d. North Carolina General Statute § 14-100 forbids the obtaining of property by false pretenses;

e. It is the public policy and law of North Carolina to convey accurate information to consumers who intend to purchase products;

15

f. The public policy of North Carolina prohibits employers from taking retaliatory action against an employee for asserting rights under the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1;

g. Plaintiff anticipates discovering other potential violations of the North Carolina Statutes and Regulations through the litigation of this action;

h. The public policy of North Carolina prohibits retaliation against those who report or object to corruption and misconduct on the part of their employers which harms the public that utilizes services provided by companies in this state;

i. The public policy of North Carolina requires that, in order to enforce the above policies, those employees who are in a position to know of their company's corruption and misconduct be protected in reporting such practices, and not retaliated against for making disclosures of persons responsible for a cover-up of unlawful acts;

j. It is a violation of the above public policies of North Carolina to retaliate against an employee who gave notice of the corruption and misconduct, and who objected to those actions. Such retaliation causes a chilling effect designed to prohibit and discourage such behaviors; and,

k. It is the public policy of North Carolina that an employee not be discharged or otherwise retaliated against for raising issues concerning the above public policies in the workplace, and for adhering to his or her duties as prescribed by both law and policy.

16

73. The defendant wrongfully discharged plaintiff for objection to unlawful conduct, as cited above, related to false and misleading information provided to authorities and customers which is in violation of the above public policies and laws of North Carolina.

74. As a direct and proximate result of the wrongful termination of plaintiff in violation of the public policy of North Carolina, plaintiff has suffered substantial damages, including but not limited to loss of income and benefits, loss of professional reputation, loss of quality and enjoyment of life, mental anguish and emotional distress, and other damages to be proven at trial.

75. The defendant's acts, as described above, were willful, wanton, and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff. Aggravating circumstances concerning defendant's conduct are provided in ¶¶ 4-32 above. Accordingly, plaintiff is entitled to punitive damages in an amount be determined by the jury in accordance with Chapter 1B of the North Carolina General Statutes.

## PRAYER FOR RELIEF

The Plaintiff hereby requests that:

(1) Plaintiff be reinstated to his position with Defendant with back pay and all benefits and seniority rights;

(2) Plaintiff recover from Defendant all wages, benefits and other compensation to which he is entitled, including all back pay, front pay, and interest, as allowed by law, in an amount to be determined at trial;

(3) Plaintiff recover of Defendant compensatory damages in an amount in excess of $100,00.00;

(4) Plaintiff recover from Defendant the maximum compensatory and punitive

17

damages allowed by law, including pre-judgment and post judgment interest, in an amount to be determined at trial.

(5)     Plaintiff recover the costs of this action, including reasonable attorneys' fees for his representation herein, as required by 42 U.S.C. § 2000e-5(k) and 42 U.S.C § 1988;

(6)     This Court award pre-judgment and post-judgment interest on all amounts recovered herein; and

(7)     This Court grant such other relief as it deems just and appropriate.

**Request for Jury Trial**

Pursuant to Rule 38(b) of the North Carolina Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues presented herein.

This the 26th day of May, 2026.

R. Michael Elliot (42806)
Attorney for Plaintiff
**Elliot Morgan Parsonage PLLC**
300 E. Kingston Avenue, Suite 200
Charlotte, NC 28203
Telephone:(704) 707-3705
Facsimile: (336) 724-3335
Email: michaelelliot@emplawfirm.com

18

Pull to open.

ORIGIN ID:QWGA    (704) 707-3705
R. MICHAEL ELLIOT
ELLIOT MORGAN PARSONAGE, PLLC
300 E. KINGSTON AVENUE
SUITE 200
CHARLOTTE, NC 28203
UNITED STATES US

SHIP DATE: 15JUN26
ACTWGT: 1.00 LB
CAD: 3233323/INET4535

BILL SENDER

TO  **CORPORATION SERVICE COMPANY, RA**
**LOWE'S COMPANIES, INC.**
**2626 GLENWOOD AVENUE**
**SUITE 550**
**RALEIGH NC 27608**
(999) 999-9999              REF:
INV:
PO:                          DEPT:



FedEx
Express

THU – 18 JUN 5:00P
**EXPRESS SAVER**
DSR
27608
NC-US  RDU

TRK#
0201   **8730 8000 0027**

**4Z RZZAG**

319-2520

THU - 18 JUN 5:00P
EXPRESS SAVER
DSR
27608
NC-US  RDU

FedEx   TRK#
0201   **8730 8000 0027**

**4Z RZZAG**

Scan to learn how we
can help make Earth
a priority together.

Part # 156297-435 RRDB EXP 05/27

◄ Insert shipping
document here.